JOURNAL ENTRY and OPINION
{¶ 1} Defendants-appellants, Affordable Inspection Service and Chuck Yesberger (collectively, "AIS"), appeal the trial court's decision denying their motion to stay the case and compel binding arbitration. We find no merit to this appeal and affirm.
 {¶ 2} In July 2001, plaintiffs-appellees, Timothy and Michelle McDonough ("the McDonoughs"), filed an amended complaint against AIS, Yesberger, and defendants-appellees, Gary and Sandra Thompson ("the Thompsons"), alleging that the house the McDonoughs purchased from the Thompsons in 1999 contained structural defects which the Thompsons failed to disclose. The complaint further alleged negligence, fraud, and breach of contract by AIS. In response, AIS moved to dismiss or to stay the case pending binding arbitration pursuant to a mandatory arbitration clause in the contract. The arbitration clause provides:
{¶ 3} "Any dispute, controversy, interpretation or claimincluding claims for, but not limited to, breach of contract, anyform of negligence, fraud or misrepresentation arising out of,from or related to, this contract or arising out of, from orrelated to this inspection or inspection report shall besubmitted to final and binding arbitration under the Rules andProcedures of the Expedited Arbitration of Home InspectionDisputes of Construction Arbitration Services, Inc. Thedecision of the Arbitrator appointed thereunder shall be finaland binding and judgment on the Award may be entered in any Courtof competent jurisdiction."
 {¶ 4} The arbitration provision is contained in the section entitled "UNCONDITIONAL RELEASE AND LIMITATION OF LIABILITY." The provision immediately follows a "limitation of liability" clause which provides:
{¶ 5} "THE INSPECTOR'S LIABILITY FOR MISTAKES OR OMISSIONS INTHIS INSPECTION REPORT IS LIMITED TO A REFUND OF THE FEE PAID FORTHIS INSPECTION AND REPORT. * * * The Client assumes the risk ofall losses greater than the fee paid for the inspection. TheClient agrees to immediately accept a refund of the fee as fullsettlement of any and all claims, which may ever arise from thisinspection. * * *"
 {¶ 6} The trial court denied the motion, finding the arbitration clause unconscionable and unenforceable. AIS appealed the ruling, and this court reversed the trial court's decision and remanded the matter for an evidentiary hearing. See,McDonough v. Thompson, Cuyahoga App. No. 82222, 2003-Ohio-4655 ("McDonough I"). In McDonough I, we found that neither party properly authenticated the contract and, therefore, the legitimacy of the arbitration clause was an issue and an evidentiary hearing was required under R.C. 2711.03.
 {¶ 7} On remand, the trial court conducted an evidentiary hearing in which the parties submitted a copy of the contract and stipulated to its authenticity. The McDonoughs also presented evidence that the filing fee for arbitration would be $650, and the cost for the AIS inspection was $169. They argued that, because the cost of the arbitration fee exceeded the amount of recovery available under the contract, the clause was unconscionable. The trial court agreed and denied AIS' motion to dismiss and to compel binding arbitration.[1]
 {¶ 8} AIS appeals, raising two assignments of error.
 Enforceability of Arbitration Clause {¶ 9} In its first and second assignments of error, AIS argues that the trial court abused its discretion in finding that the arbitration clause was unconscionable because: (1) the McDonoughs failed to offer any evidence of procedural unconscionability and
 {¶ 10} (2)the arbitration clause is not substantively unconscionable as a matter of law.
 {¶ 11} We review the trial court's decision denying a motion to compel binding arbitration pursuant to an abuse of discretion standard. Sikes v. Ganley Pontiac Honda, Inc., Cuyahoga App. No. 82889, 2004-Ohio-155; Coble v. Toyota, Cuyahoga App. No. 83089, 2004-Ohio-238, citing Harsco Corp. v. Crane Carrier Co.
(1997), 122 Ohio App.3d 406, 410, discretionary appeal not allowed (1997), 80 Ohio St.3d 1477. Unless the trial court's decision is unreasonable, arbitrary, or unconscionable, we must affirm the decision. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 12} Arbitration is generally encouraged as a method to resolve disputes. ABM Farms, Inc. v. Woods (1998),81 Ohio St.3d 498. A presumption favoring arbitration arises when the claim in dispute falls within the scope of the arbitration provision. Williams v. Aetna Finance Co. (1998),83 Ohio St.3d 464, 471. Ohio courts have generally viewed arbitration clauses as "an expression that the parties agree to arbitrate disagreements within the scope of the arbitration clause, and, with limited exceptions, an arbitration clause is to be upheld just as any other provision in a contract should be respected." Id., citing Council of Smaller Enterprises v. Gates, McDonald Co. (1998), 80 Ohio St.3d 661, 668.
 {¶ 13} However, despite the general presumption in favor of enforcing an arbitration clause within a contract, an arbitration clause is not enforceable when the clause, in conjunction with a limitation of liability clause, effectively denies a claimant any redress. O'Donoghue v. Smythe, Cramer Co., Cuyahoga App. No. 80453, 2002-Ohio-3447; Sutton v. Laura Salkin Bridal Fashions
(Feb. 5, 1998), Cuyahoga App. No. 72107. See, also, Foliano v.Dussault Moving, Inc., Cuyahoga App. No. 82562, 2003-Ohio-4408 (finding arbitration clause unenforceable because the clause, in conjunction with the limitation of liability provision, deprived plaintiff "proper remedy" for defendant's alleged breach of contract and tortious actions). Further, courts generally view arbitration clauses found in adhesion contracts with some skepticism and recognize a weaker presumption in favor of enforcing the clause. Williams, supra, at 472. Finally, arbitration clauses are not enforceable when found to be unconscionable. Sutton, supra.
 {¶ 14} R.C. 2711.01(A) governs the validity of arbitration clauses and provides, in relevant part:
{¶ 15} "A provision in any written contract * * * to settle byarbitration a controversy that subsequently arises out of thecontract, * * * or any agreement in writing between two or morepersons to submit to arbitration any controversy existing betweenthem at the time of the agreement to submit, or arising after theagreement to submit, from a relationship then existing betweenthem or that they simultaneously create, shall be valid,irrevocable, and enforceable, except upon grounds that exist atlaw or in equity for the revocation of any contract."
 {¶ 16} In the instant case, the trial court found that the arbitration clause was unconscionable and, therefore, unenforceable. AIS contends that this decision constitutes an abuse of discretion because the McDonoughs failed to demonstrate both procedural and substantive unconscionability.
 {¶ 17} A contract clause is generally considered unconscionable when there is an absence of meaningful choice on the part of one of the parties to a contract, combined with contract terms that are unreasonably favorable to the other party. Collins v. Click Camera Video, Inc. (1993),86 Ohio App.3d 826, 834. To establish that a contract clause is unconscionable, the complaining party must demonstrate both "substantive unconscionability" and "procedural unconscionability." Id. Substantive unconscionability pertains to the contract itself and exists when the contract terms are unfair and unreasonable. Procedural unconscionability, on the other hand, involves the specific circumstances surrounding the execution of the contract between the two parties and exists when there is no voluntary meeting of the minds because the circumstances surrounding the contract were so unfair. Sikes,
supra, at ¶ 10.
 {¶ 18} AIS contends that the arbitration provision is enforceable because the McDonoughs failed to offer any evidence of procedural unconscionability. In determining procedural unconscionability, a court considers "those factors bearing on the relative bargaining position of the contracting parties, e.g., `age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, whether alterations in the printed terms were possible, whether there were alternative sources of supply for the goods in question."Collins, supra, quoting Johnson v. Mobil Oil Corp. (E.D. Mich. 1976), 415 F.Supp. 264, 268.
 {¶ 19} Applying these factors, we find that there is insufficient evidence in the record to find that the arbitration provision is procedurally unconscionable. The McDonoughs neither testified nor offered affidavits as evidence of their bargaining position. Although there was evidence that the McDonoughs had only five days to obtain a home inspection pursuant to their purchase agreement with the Thompsons, there is no evidence that AIS was aware of this time constraint. Moreover, there is nothing in the record for us to conclude that the McDonoughs were unaware of the impact of the agreement or that they were otherwise limited in understanding its terms. See Vanyo v. Clear ChannelWorldwide (2004), 156 Ohio App.3d 706. Because the McDonoughs failed to satisfy their burden of demonstrating procedural unconscionability, we find merit to the first assignment of error.
 {¶ 20} AIS contends in its second assignment of error that the arbitration provision is not substantively unconscionable. Here, the arbitration provision is a general clause that applies to both parties. Although the terms are broad, we find that the terms are not unreasonable nor unfair as stated in the arbitration clause. Accordingly, we cannot say that the arbitration clause is substantively unconscionable.
 {¶ 21} Despite finding merit to AIS' assignments of error, we nevertheless find no abuse of discretion in the trial court's determination that the arbitration clause is unenforceable. We find that the doctrine of unconscionability is not the only basis for invalidating the arbitration agreement. Given the unique circumstances of this case, other principles of equity clearly support the trial court's decision to deny the motion to compel binding arbitration.
 {¶ 22} The record reveals that the McDonoughs paid $169 for AIS' inspection services. Pursuant to the terms of the contract, the McDonoughs are limited to recovering only this amount in the event they succeed in an action against AIS. However, because the contract requires the McDonoughs to arbitrate their claims with Construction Arbitration Services, Inc., which requires a filing fee of $650, the contract effectively denies them any remedy. Further, the arbitration provision operates to deter a claimant from pursuing any claim under the contract and, therefore, we find that it is unenforceable.
 {¶ 23} This court's decision in O'Donoghue, supra, is analogous to the instant case. In O'Donoghue, the plaintiff signed a home inspection contract which contained both an arbitration provision and a limitation of liability clause. As in the instant case, the arbitration fee was to be at least $500, while the limitation of liability clause limited recovery to $265. This court found that the interaction between the arbitration provision and limitation of liability clause rendered the home inspection contract unenforceable because the claimant would effectively be denied any redress. O'Donoghue, supra, ¶ 31. Accordingly, it is neither the cost of arbitration alone that renders the provision unenforceable nor a limitation of liability clause standing alone, but, rather, the deprivation of an adequate remedy resulting from the interaction of the two clauses.
 {¶ 24} Similarly, this court in Sutton, supra, refused to uphold the arbitration provision within a sales contract because the costs of arbitration exceeded the amount of damages the plaintiff sought to recover in small claims court. In accordance with principles of equity and public policy, this court reasoned that an arbitration clause is unenforceable when it effectively denies a claimant the right to redress in an efficient and cost-effective manner.
 {¶ 25} Although AIS relies on numerous cases for the proposition that arbitration provisions and limitation of liability clauses are routinely upheld in consumer sale contracts, we note that none of these cases involves the operation of both an arbitration clause and limitation of liability clause in the same contract. In fact, AIS offers no authority in favor of upholding an arbitration clause when the cost of the arbitration filing fee exceeds the amount the plaintiff may recover under the contract. In contrast, this court has consistently found that, when an arbitration clause, in conjunction with a limitation of liability clause, effectively denies a claimant any remedy, or the proper remedy, in connection with his or her alleged claims, the arbitration provision is unenforceable. See Foliano, supra; O'Donoghue, supra;Sutton, supra.
 {¶ 26} AIS argues that O'Donoghue is not controlling because, unlike the instant case, the contract in O'Donoghue
did not have a severability clause. We find this argument unpersuasive on several grounds. First, we find that there is no indication in O'Donoghue whether a severability clause existed. Second, the existence of the severability clause in the instant case does not change the effect of the interaction between the two clauses. Thus, the severability clause may operate to protect the limitation of liability clause after the arbitration provision is severed but it does not preserve both clauses. Finally, AIS never suggested the court sever the limitation of liability clause but preserve the arbitration provision. However, we note that the only issue before this court is the trial court's denial of AIS' motion to compel binding arbitration. Therefore, the issue of the validity of the limitation of liability clause is a matter still before the trial court.
 {¶ 27} AIS also contends that Sutton is distinguishable from the instant case because Sutton stands for the proposition that an arbitration clause is unenforceable only when the cost exceeds the amount of damages the claimant is seeking. Because the McDonoughs are seeking more than $25,000 and the arbitration fee is only $650, AIS claims that Sutton is inapplicable. We disagree. Our decision in Sutton recognizes that an arbitration provision is unenforceable when it effectively denies a claimant the right to have their claims decided. Here, the limitation of liability clause and arbitration clause operate together to effectively deny the McDonoughs a forum to resolve their claims. It is unreasonable to expect the McDonoughs to pay $650 in arbitration fees when they can recover only $169. Under such circumstances, the arbitration clause deters the filing of any claims.
 {¶ 28} Accordingly, we find the arbitration provision is unenforceable, and we affirm the decision of the trial court.
It is ordered that appellees recover of appellants the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J. and Rocco, J. Concur.
[1] At the evidentiary hearing, the trial court stated that, in addition to the arbitration provision, the limitation of liability clause was unenforceable. But the trial court never reduced this ruling to a journal entry and, therefore, it is not reflected on the docket. However, because there is no challenge concerning the validity of the limitation of liability clause on appeal, we need not address it.