{¶ 1} Plaintiff appeals from common pleas court orders granting summary judgment in favor of all defendants. He asserts that genuine issues of material fact precluded judgment on his claims. We find no error in the court's decisions and affirm the judgments in favor of the defendants.
 Factual and Procedural History {¶ 2} The complaint in this case was filed May 5, 2006. In the first count, plaintiff, Angelo v. Semirale, Jr., claims that he retained U.S. Inspect LLC and Mike Gedeon to inspect a home which Semirale had contracted to purchase. Semirale *Page 3 
sought a declaration that the contract was unconscionable and unenforceable because it limited U.S. Inspect's liability to the amount of the fee paid for the inspection, $260, and required arbitration of all controversies related to the contract. Semirale further claimed that the inspection performed by U.S. Inspect and Gedeon was negligent, and as a result he incurred property damage and repair costs and paid more than fair market value for the home. Finally, Semirale alleged that U.S. Inspect and Gedeon committed unfair and deceptive acts in both the contract and their inspection of the premises, in violation of the Consumer Sales Practices Act.
 {¶ 3} In the third and fourth counts of his complaint, Semirale claimed that Ralph Joseph Jamieson, the former owner of the home, and Jamieson's real estate agent and daughter, Kathy Kern, breached their duty to disclose known defects, knowingly concealed material defects, and fraudulently misrepresented the condition of the property.
 {¶ 4} U.S. Inspect and Gedeon answered jointly and asserted two counterclaims against plaintiff. First, they claimed that plaintiff should not be permitted to pursue this case because he failed to notify them of the alleged defects and give them an opportunity to reinspect before he repaired the defects, in violation of the parties' contract. Second, they claimed that plaintiff willfully destroyed evidence, disrupting their ability to defend this case. Jamieson and Kern also answered jointly and counterclaimed for spoliation of evidence. *Page 4 
 {¶ 5} All defendants moved for summary judgment on September 20, 2006. The court granted Kern's summary judgment motion on February 20, 2007; this ruling is not at issue in this appeal. The court also granted U.S. Inspect's and Gedeon's motion on February 20, 2007, for the reasons set forth in those defendants' motion. Finally, the court granted Jamieson's motion for summary judgment, finding that plaintiff had purchased the property as is, and the defects he complained of were open and obvious. Plaintiff now appeals from the judgments in favor of U.S. Inspect, Gedeon, and Jamieson.
 {¶ 6} The evidence attached to the parties' briefs regarding summary judgment disclose the following undisputed facts. Plaintiff and Jamieson entered into a purchase agreement on August 2, 2003, pursuant to which plaintiff agreed to purchase a home located at 6786 Meadowood Drive, Mayfield Village, Ohio, "as is," contingent on the completion of a general home inspection. Plaintiff testified that he asked Jamieson and his daughter whether the house had any water problems, and they said there were not.
 {¶ 7} Plaintiff retained Gedeon and U.S. Inspect to perform the inspection, which was done on August 7, 2003. The inspection agreement stated in pertinent part that:
 Our inspection is intended to assist you in evaluating the overall condition of the building. It is based on our observations of the visible and apparent condition of the building and its components on the date of the inspection. In the conduct of the inspection, we have not disassembled equipment, moved furniture or opened wall coverings. *Page 5 
Although care has been taken in the performance of the inspection, we make no representations regarding latent or concealed defects which may exist. [Emphasis in original.]
 Our report is not fully exhaustive, nor does it imply that every component was inspected or every possible defect was discovered.
 {¶ 8} The agreement provided that the client could obtain a more extensive inspection, backed by a written guarantee, for a fee of a minimum of $2000 — $2500, plus additional testing fees as required.
 {¶ 9} The agreement limited U.S. Inspect's liability to the amount of the fee paid for the inspection, and excluded liability for any repair or replacement unless U.S. Inspect was given advance notice and a reasonable opportunity to reinspect. In addition, the agreement provided U.S. Inspect with the option of demanding arbitration of any controversies or claims related to the contract and inspection. U.S. Inspect provided plaintiff with a thirteen page inspection report noting various defects and making recommendations.
 {¶ 10} On August 11, plaintiff and Jamieson executed a "removal of inspection contingencies" which stated that the inspection performed by U.S. Inspect "shall be released and considered satisfactory, subject to seller completing" four repairs: (1) "Seal flashing around chimney and repair cracks in chimney caps"; (2) "Correct electrical violations"; (3) "Secure gutter at front porch"; and (4) "Repair concrete at end of driveway." At the end of this document, "buyer and seller agree[d] that the *Page 6 
property is being accepted in its as is condition after the completion of above repairs."
 {¶ 11} The sale was consummated on or about August 29, 2003. Thereafter, plaintiff claimed that he found various defects in the house, including "a non-functioning water heater; moisture and water damage, which required that all of the house's wall coverings be stripped; moldy window treatments, which required replacement; water damage in the master bathroom, which necessitated the replacement of the entire bathroom floor; non-functioning plumbing in the bath and kitchen, which necessitated repair and replacement; non-functioning and non-code-compliant electrical throughout the house, which necessitated repair and replacement; at least three exterior windows with rotten frames, which necessitated repair and replacement; moldy drapes in the living and dining rooms, which necessitated replacement; and a malfunctioning garage door opener, which necessitated replacement."
 Law and Analysis {¶ 12} The trial court did not expressly enter judgment on the defendants' counterclaims. However, once judgment was entered in the defendants' favor on the plaintiff's claims, the defendants could not demonstrate that they had been damaged by plaintiffs' alleged willful destruction of evidence and failure to allow defendants to inspect before repairs were performed. See Bae v. Dragoo Assocs.,156 Ohio App.3d 103, 2004-Ohio-544, ¶ 27. Therefore, the counterclaims are moot, *Page 7 
and the court's rulings on defendants' motions for summary judgment are final and appealable.
 {¶ 13} We review the trial court's grant of summary judgment de novo, applying the same standard of review the trial court used. Grafton v.Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. Summary judgment is appropriate if there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law, and, viewing the evidence in the light most favorable to the non-moving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion is made. Civ.R. 56(C).
U.S. Inspect and Mike Gedeon.
 {¶ 14} The complaint contained three claims against defendants U.S. Inspect and Mike Gedeon: (1) the arbitration clause and limitation of damages clauses of the inspection contract were unconscionable and unenforceable; (2) U.S. Inspect and Gedeon negligently inspected the property; and (3) they violated the Ohio Consumer Sales Practices Act.
 {¶ 15} Unconscionability. Plaintiff argues that the inspection contract is unconscionable because the limitation of damages clause and the arbitration clause together effectively deny him any remedy. He points out that the contract limits his recovery to $260 but arbitration would cost $750, so there is a contractual disincentive to pursuing a claim. *Page 8 
 {¶ 16} In support of this claim, plaintiff cites this court's decision in McDonough v. Thompson, Cuyahoga App. No. 84342, 2004-Ohio-6647. The contract in this case is materially different from the one inMcDonough. The contract in McDonough required arbitration; the contract in this case makes it optional, and U.S. Inspect did not demand arbitration. Thus, the contract here does not deny plaintiff a remedy on its face, and U.S. Inspect has not denied him a remedy in fact.
 {¶ 17} "An unconscionable contract clause is one in which there is an absence of meaningful choice for the contracting parties, coupled with draconian contract terms unreasonably favorable to the other party."Eagle v. Fred Martin Motor Co., 157 Ohio App.3d 150, 2004-Ohio-829, T|30. We find no evidence that plaintiff did not have a meaningful choice in this case; indeed, the contract itself expressly states that plaintiff can purchase a more thorough, guaranteed inspection for a higher fee. Furthermore, although U.S. Inspect asserted in its answer that this case was subject to arbitration, it never sought to enforce the arbitration clause by moving to stay this action pending arbitration. There is also no indication that U.S. Inspect sought to limit its liability. Under these circumstances, plaintiff cannot show that he has been harmed by the allegedly unconscionable contract provisions, so U.S. Inspect and Gedeon were entitled to judgment as a matter of law.
 {¶ 18} Violation of CSPA. Plaintiff also claims that U.S. Inspect committed deceptive, unfair and unconscionable acts and practices in connection with its sale of home inspection services to him, in violation of the Consumer Sales Practices Act *Page 9 
("CSPA"). For purposes of this ruling, we will assume that U.S. Inspect is a "supplier" and that the sale of home inspection services is a "consumer transaction." See R.C. 1345.01(A) and (C).
 {¶ 19} Plaintiff contends that the contract was unconscionable because the arbitration clause combined with the limitation of liability clause effectively deprived him of an adequate remedy. See R.C. 1345.03. As noted above, however, the arbitration clause was optional, not mandatory, and U.S. Inspect did not seek to enforce either the arbitration clause or the limitation of liability clause. Therefore, plaintiff cannot show that he was damaged by these allegedly unconscionable contract provisions.
 {¶ 20} Plaintiff also asserts that U.S. Inspect committed a deceptive act by indicating that its inspection report was of a particular standard when it was not. See R.C. 1345.02(B)(2). He claims that "U.S. Inspect and Mr. Gedeon indicated that the house was fit for purchase and that it did not contain the defects" later found by plaintiff. We find no such representation in either the contract or the inspection report. Rather, the inspection was expressly limited in scope. The contract stated that no furniture would be moved and no wallcoverings would be opened. It denied any representations regarding latent or concealed defects. It further denied that the inspection was exhaustive. There is no evidence to support this claim, so defendants are entitled to judgment as a matter of law. *Page 10 
 {¶ 21} Negligence. Plaintiff's negligence claim against U.S. Inspect and Gedeon asserts that these defendants did not comply with the professional standards applicable to home inspectors in conducting their inspection of plaintiff's home. In order to succeed on a claim of professional negligence, the plaintiff concedes that he must provide expert evidence of the standard of care within the home inspection profession, and expert testimony that the defendants failed to adhere to that standard, proximately causing harm to plaintiff. Cf. Gentile v.Ristas, 160 Ohio App.3d 765, 2005-Ohio-2197, T|80. Plaintiff asserts that the inspection report and deposition testimony of his expert, Mark Vovk, demonstrates genuine issues of material fact exist on this claim.
 {¶ 22} U.S. Inspect and Gedeon asserted that Vovk's deposition testimony was speculative and therefore inadmissible. Vovk inspected plaintiff's property on November 3, 2005, more than two years after plaintiff purchased it and after plaintiff had performed a number of repairs. Vovk readily agreed that he did not know what condition the home was in when Gedeon and U.S. Inspect inspected it in 2003, or whether any of the conditions he saw existed at that time. He could not say with any reasonable degree of certainty that Gedeon missed any visible problems. He also did not testify about the standard of care which home inspectors should exercise. Therefore, Vovk's testimony does not support plaintiff's claim.
 {¶ 23} U.S. Inspect and Gedeon demonstrated that there was no evidence to support essential elements of plaintiff's claim. See Dresher v.Burt, *Page 11 75 Ohio St.3d 280, 296. It was then plaintiffs obligation to set forth specific facts showing that there was a genuine issue for trial. Id. at 293. Plaintiff's generalized references to Vovk's deposition testimony and inspection report and the promise that he "was prepared to elaborate" at trial, is insufficient to meet this obligation. Therefore, the court did not err by entering summary judgment for U.S. Inspect and Gedeon.
Jamieson.
 {¶ 24} Plaintiff's complaint asserted claims against Jamieson for fraudulent concealment and fraudulent misrepresentation. "[A]n "as is" disclaimer clause in a real estate purchase agreement bars suit for passive nondisclosure; it does not protect a seller from actions alleging positive misrepresentation or concealment." McClintock v.Fluellen, Cuyahoga App. No. 82795, 2004-Ohio-58, ¶ 18. Therefore, we agree with plaintiff that the contractual "as is" clause does not protect Jamieson against a claim of fraud.
 {¶ 25} "An action in common-law civil fraud has five essential elements: 1) a material false representation or a concealment, 2) knowingly made or concealed, 3) with the intent of misleading another into relying upon it, 4) justifiable reliance upon the representation or concealment by the party claiming injury, and 5) injury resulting from the reliance." Id. at ¶ 21.
 {¶ 26} Plaintiff claims Jamieson made a materially false representation when he told plaintiff prior to the sale that there were no water problems, but after the sale *Page 12 
he disclosed that the laundry room had flooded and that was why the room had been remodeled. Jamieson disputes this version of events; in his affidavit, he avers that he told plaintiff the laundry sink had overflowed once.
 {¶ 27} Viewing the evidence in the light most favorable to plaintiff, this conflicting testimony may create a genuine issue of fact whether Jamieson made a false representation prior to the sale. However, there is no evidence that this misrepresentation was material. Except for plaintiffs speculation that water damage to the laundry room caused damage to the living room and dining room, there was no evidence that the "flood" in the laundry room caused any damage that was not corrected by the remodeling work. There is also no evidence that Jamieson was aware of any uncorrected damage. Plaintiff's decision whether to purchase the home cannot reasonably be expected to have been influenced by an event as to which all damage had been repaired. Cf. Yancy v.Allstate Ins. Co. (April 10, 1986), Cuyahoga App. No. 50360; Brannon v.Mueller Realty Notaries (Oct. 24, 1984), Hamilton App. No. C-830876.
 {¶ 28} Accordingly, we find the court properly granted summary judgment to Jamieson.
Affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 13 
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 CHRISTINE T. McMONAGLE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1