[Cite as *Fedex Corp. Servs., Inc.  v. Brandes Internatl. Co.*, 2020-Ohio-3449.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

FEDEX CORPORATE SERVICES, INC.,  :

    Plaintiff-Appellee,     :

                                 No. 108309

    v.                     :

BRANDES INTERNATIONAL CO.,    :

    Defendant-Appellant.    :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED IN PART; REVERSED IN PART
**RELEASED AND JOURNALIZED:**  June 25, 2020

---

Civil Appeal from the Cleveland Municipal Court
Case No. 2017 CVF 017903

---

### *Appearances:*

Thomas and Thomas, Attorneys at Law, and Mark J. Sheriff, *for appellee.*

Burkes Law, L.L.C., and John F. Burke, III, *for appellant.*

EILEEN T. GALLAGHER, A.J.:

**{¶ 1}** Defendant-appellant, Brandes International, Co. ("Brandes"), appeals the decision of the Cleveland Municipal Court granting summary judgment in favor of plaintiff-appellee, FedEx Corporate Services, Inc. ("FedEx"), and denying

its cross-motion for summary judgment. Brandes raises the following assignments of error for review:

1. The trial court erred when it granted FedEx's motion for summary judgment.

2. The trial court erred when it denied Brandes' motion for summary judgment.

3. The trial court erred when it denied Brandes' motion to strike the affidavit of Joseph Singler.

**{¶ 2}** After careful review of the record and relevant case law, we affirm in part and reverse in part. There remain genuine issues of material fact regarding FedEx's breach of contract claim. However, the trial court did not commit reversible error by denying Brandes' motion for summary judgment and motion to strike evidence.

## I. Procedural and Factual History

**{¶ 3}** On December 6, 2017, FedEx filed a complaint against Brandes, setting forth causes of action for breach of contract (Count 1), failure to pay amounts due (Count 2), and unjust enrichment (Count 3). FedEx alleged that Brandes breached the terms of the parties' delivery services agreement, and owed an outstanding sum of $10,303.13 for delivery services provided in April 2015.

**{¶ 4}** Brandes filed a responsive brief on January 29, 2018. Brandes denied the material allegations of the complaint and asserted counterclaims for violations of R.C. 2323.51 and Civ.R. 11 (Count 1), and fraud (Count 2). Brandes alleged that FedEx "made false representations to defendant regarding its delivery services" and

filed the instant complaint "merely to harass or maliciously injure defendant." Following discovery, the parties filed competing motions for summary judgment.

{¶ 5} In its motion for summary judgment, FedEx sought judgment against Brandes in the amount of $10,303.13, plus costs and interest. Additionally, FedEx sought judgment as a matter of law on Brandes' counterclaims.

{¶ 6} With respect to the allegations set forth in its complaint, FedEx asserted that "it is the holder and owner of the outstanding debt for fees owed [by Brandes] for shipping services provided by Federal Express Corporation and FedEx Ground Package System, Inc." According to FedEx, Brandes is in the business of shipping "parts and equipment to * * * manufacturers throughout the world." FedEx alleged that in April 2015, it delivered two separate shipments on behalf of Brandes to a recipient located in Los Teques, Venezuela. In the process of completing the shipments, the Venezuelan customs department inspected the packages and issued duties, taxes, and other fees. FedEx paid the charges on behalf of Brandes, and issued Brandes separate invoices for reimbursement, totaling $10,303.13. According to FedEx, however, Brandes breached the terms and conditions of the international shipment agreement by refusing "to reimburse FedEx for the duties, taxes, and other customs charges required to ship defendant's packages to Venezuela." Alternatively, FedEx argued that Brandes was unjustly enriched by FedEx's payment of the customs fees, duties, and taxes.

{¶ 7} Regarding Brandes' counterclaims, FedEx asserted that the state-law claims for frivolous conduct and fraud were meritless because (1) "[FedEx]'s

complaint is wholly grounded in fact and law," and (2) Brandes "can produce no evidence that FedEx made a false or misleading representation at any time during the business transaction."

{¶ 8} In contrast, Brandes argued that FedEx's complaint amounted to a fraudulent attempt "to collect on an un-owed debt." Brandes alleged that payment of disputed fees (1) was "the responsibility of the receiving party," and (2) was, in fact, paid by the receiving party. Brandes further alleged that the documents attached in support of FedEx's motion for summary judgment demonstrate that FedEx made a mathematical error when applying the relevant conversion rate. Thus, Brandes submitted that there is no evidence of an alleged breach of contract or related damages.

{¶ 9} On December 3, 2018, Brandes filed a motion to strike the evidence attached to FedEx's motion for summary judgment. Brandes argued that the attached documents were not authenticated by a properly framed affidavit. On December 12, 2018, FedEx filed a brief in opposition to Brandes' motion to strike. In an effort to comply with the requirements of Civ.R. 56, the opposition brief included a supplement to the original affidavit that was submitted with FedEx's motion for summary judgment.

{¶ 10} On February 14, 2019, the trial court issued a judgment entry, granting FedEx summary judgment in part. The court further denied Brandes' motion for summary judgment and its motion to strike. In rendering its judgment, the trial court stated, in relevant part:

This court hereby grants plaintiff's motion for summary judgment in part with regard to the contract claim and finds that no genuine issue of genuine fact exists as to the existence of the contract nor with regard to the defendant's liability for the contract and therefore finds judgment for the plaintiff in the amount of $10,303.13 plus interest at the statutory rate at 5 [percent] from December 6, 2017.

This court denies plaintiff's motion for summary judgment in part with regard to the other two counts. Furthermore, defendant's motion of summary judgment and motion to strike are also denied.

**{¶ 11}** Brandes now appeals from the trial court's judgment.[1]

## II. Law and Analysis

## A. Motion for Summary Judgment

**{¶ 12}** In its first assignment of error, Brandes argues the trial court erred when it granted FedEx's motion for summary judgment. In its second assignment of error, Brandes argues the trial court erred when it denied its motion for summary judgment. Collectively, Brandes contends that "the undisputed facts showed that

---

[1] When a court issues a judgment that disposes of some claims but leaves other claims pending, the order is final and appealable only if the judgment complies with Civ.R. 54(B). In this case, the trial court's decision granting FedEx's motion for summary judgment did not dispose of FedEx's second and third counts, nor did it contain Civ.R. 54(B) language. However, [e]ven though all the claims or parties are not expressly adjudicated by the trial court, if the effect of the judgment as to some of the claims is to render moot the remaining claims or parties, then compliance with Civ.R. 54(B) is not required to make the judgment final and appealable." *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 21, 540 N.E.2d 266 (1989); *see also Wise v. Gursky*, 66 Ohio St.2d 241, 243, 421 N.E.2d 150 (1981) (" A judgment in an action which determines a claim in that action and has the effect of rendering moot all other claims in the action as to all other parties to the action is a final appealable order pursuant to R.C. 2505.02 and Civ.R. 54(B) is not applicable to such a judgment."). Here, the relief granted to FedEx on its breach of contract claim rendered the unjust enrichment and "failure to pay amounts due" claims moot. *See Wells Fargo Fin. Leasing Inc. v. Gilliland*, 4th Dist. Scioto Nos. 05CA2993 and 05CA3006, 2006-Ohio-2756, ¶ 25 (holding that when a party is liable under an express contract, claims for unjust enrichment are rendered moot). Because the remaining claims were rendered moot, the trial court's order granting FedEx summary judgment disposed of all claims contained in its complaint. Thus, compliance with Civ.R. 54(B) was not required.

Brandes did not breach any contractual obligations with FedEx." We address these assigned errors together.

## 1. Standard of Review

**{¶ 13}** We review an appeal from summary judgment under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996); *Zemcik v. LaPine Truck Sales & Equip. Co.*, 124 Ohio App.3d 581, 585, 706 N.E.2d 860 (8th Dist.1998).

**{¶ 14}** Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 653 N.E.2d 1196 (1995), paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996).

**{¶ 15}** Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 667 N.E.2d 1197 (1996). Doubts must be resolved

in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138 (1992).

## 2. Breach-of-Contract

{¶ 16} To prevail on a breach-of-contract claim, "the plaintiff has the burden of proving four elements: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff." *DPLJR, Ltd. v. Hanna*, 8th Dist. Cuyahoga No. 90883, 2008-Ohio-5872, ¶ 16, citing *Jarupan v. Hanna*, 173 Ohio App.3d 284, 2007-Ohio-5081, 878 N.E.2d 66 (10th Dist.). "A meeting of the minds as to the essential terms of the contract is a requirement to enforcing the contract." *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 16, citing *Episcopal Retirement Homes, Inc. v. Ohio Dept. of Indus. Relations*, 61 Ohio St.3d 366, 369, 575 N.E.2d 134 (1991). "If the minds of the parties have not met, no contract is formed." *McCarthy, Lebit, Crystal & Haiman Co., L.P.A. v. First Union Mgt., Inc.*, 87 Ohio App.3d 613, 620, 622 N.E.2d 1093 (8th Dist.1993), citing *Noroski v. Fallet*, 2 Ohio St.3d 77, 79, 442 N.E.2d 1302 (1982).

{¶ 17} As stated, FedEx's complaint alleged that Brandes breached the terms of their shipping agreement by failing to reimburse FedEx for the payment of duties and taxes on international shipments that were made on Brandes' behalf in the amount of $10,303.13.

{¶ 18} In support of its breach of contract claim, FedEx attached the following documents to its motion for summary judgment: (1) the statement of

account with Brandes (Plaintiff's exhibit A); (2) an April 17, 2015 invoice for duties, taxes, customs, and other fees in the amount of $5,121.90 (Plaintiff's exhibit B); (3) an April 30, 2015 invoice for duties, taxes, customs, and other fees in the amount of $5,181.23 (Plaintiff's exhibit C); (4) an email correspondence relating to Brandes' dispute of the fees levied on the shipments (Plaintiff's exhibit D); (5) a copy of a letter sent to Brandes indicating that FedEx received confirmation from the Venezuelan government that the "assessment and calculation of custom fees are correct" (Plaintiff's exhibit E); (6) a copy of the "FedEx Express Terms and Conditions" for international shipments (Plaintiff's exhibit F); and (7) copies of the air waybill for each shipment to Venezuela (Plaintiff's exhibit G). Finally, FedEx relied extensively on the supplemental affidavit of FedEx manager, Joseph Singler (Plaintiff's exhibit H).

{¶ 19} Relevant to this appeal, Singler made the following averments:

2. I am completely familiar with Plaintiff's books and records as they pertain to the Defendant herein since the Defendant's account was handled directly by my Branch.

3. That Defendant is indebted to the Plaintiff in the sum of $10,303.13 plus interest at the statutory rate per year from September 26, 2017[,] for both services rendered and money paid on behalf of the Defendant for Customs and Duty charges.

4. Defendant contracted with the Plaintiff for the provision of delivery services by FedEx Corporate Services, Inc. as well as its affiliated entities Federal Express Corporation and FedEx Ground Package System, Inc.

5. Defendant agreed to the Plaintiff's Terms and Conditions when they contracted with Plaintiff, including the provisions for "Duties and Taxes" attached hereto.

6.  No payment was ever received from either the Defendant or the Defendant's customer for the delivery charges and the Duties and Taxes paid by the Plaintiff with respect to the two (2) separate invoices listed on Exhibit A attached to the Plaintiff's complaint.

\* \* \*

8.  That in order to require payment from the recipient the shipper needs to first get a Letter of Authorization (LOA) from the recipient. In this case, the Defendant failed to obtain a LOA from the recipient with respect to either invoice currently due and owing.  Even if the shipper obtains a LOA, the shipper remains liable to the Plaintiff, pursuant to the published Tariffs and Terms of Conditions in the event the recipient fails to pay the Plaintiff.

9.  FedEx never calculates the amount of duties and taxes under any circumstances.  Additionally, Plaintiff never does the conversion rate when shipping and delivering to foreign countries.  The duties & taxes, as well as the conversion, is in all cases done by the customs department of the country where the goods are being delivered.

10. Plaintiff has reconfirmed with the customs department of the country where the goods were delivered that both the charges and conversion rate are accurate.

11.  Plaintiff has received no payments whatsoever from any source for the charges set forth in its Complaint.

12. Defendant has never disputed that they contracted with the Plaintiff to deliver the merchandise in question to the Defendant's customer, and does not dispute that the merchandise referred to on both of its invoices was in fact delivered to its customer.

13. That the Invoices, Statements, Terms, Emails, and other documents and exhibits attached to Plaintiff's motion for summary judgment are copies produced by Plaintiff's records and have been provided to counsel by a qualified representative of Plaintiff.  I have personally reviewed our system to ensure that they accurately reflect the status of this account.

14.  That I make this Affidavit upon my personal knowledge.

**{¶ 20}** As referenced in Singler's affidavit, Brandes agreed to the express terms and conditions that are applied by FedEx for international shipments. In relevant part, the express terms and conditions of the shipping agreements in this case provide as follows:

Duties and Taxes:

A. In order to complete clearance of certain items through customs, we may be required to advance on your behalf certain duties and taxes as assessed by customs officials. * * *

B. Duties and taxes may generally be billed to the sender, the recipient or a third party. If the sender fails to designate a payer on the air waybill, duties and taxes will automatically be billed to the recipient when allowed. * * * REGARDLESS OF ANY PAYMENT INSTRUCTIONS TO THE CONTRARY, THE SENDER IS ULTIMATELY RESPONSIBLE FOR PAYMENT OF DUTIES AND TAXES IF PAYMENT IS NOT RECEIVED.

(Emphasis sic.)

**{¶ 21}** On appeal, Brandes does not dispute that FedEx fulfilled its obligations under the shipment agreement by delivering Brandes' items to the Venezuelan recipient in 2015. Nor does Brandes dispute that it has not made reimbursement payments to FedEx for the relevant customs charges. However, in an effort to rebut FedEx's evidence, Brandes argues "the undisputed and uncontradicted evidence is that the company who received the goods shipped by Brandes was responsible to pay the duty and in fact did pay the duty." Thus, Brandes asserts that "there was no evidence that Brandes failed to meet any obligations that it had under the contract, as Brandes had no responsibility to pay the duty." In addition, Brandes contends that the evidence demonstrates that "the duty was in

fact paid" by the receiving party in Venezuela. Alternatively, Brandes suggests that issues of fact remain regarding FedEx's calculation of the duties, taxes, and customs charges.

{¶ 22} In support of its position, Brandes attached a March 31, 2015 commercial invoice for the shipment of merchandise from Brandes to the Venezuelan company, I.V.R.O.C.A., Av. Trajkhovic, Edificio IVROCA PB, Oficina IVROCA, Zona Ind. El Tambor, Los Teques – Venezuela ("I.V.R.O.C.A."). The invoice, captioned Invoice No. 2-5637, had a value of $2,300. In addition, Brandes attached affidavits from the President of Brandes, Jeffrey Therber, and the Vice President of I.V.R.O.C. A., Eros Gobbo.

{¶ 23} In relevant part, Therber averred as follows:

2. Brandes exported merchandise in the amount of United States Dollars $2,300 to [I.V.R.O.C.A.] in 2015 under invoice 2-5637.

3. The merchandise was delivered by Federal Express.

4. The terms of the transaction were DDU – Delivered Duty Unpaid. This means that the receiving party pays the duty.

* * *

6. In 2015, Brandes received an invoice from FedEx asserting that Brandes owed $5,181.23 as invoice 6-473-58638 and $5,121.90 as invoice 6-486-69969.

7. Brandes immediately disputed the invoices and explained to FedEx that the duties were the responsibility of the customer, that they had been paid, and that FedEx had made a calculation error when converting the duty from Venezuelan Currency to American Dollars.

* * *

10. Brandes responded with an email to FedEx again explaining to FedEx that the receiving party was responsible for the duty. The email stated in pertinent part:

The duties and taxes billed under invoices 6-468-69699 and 6-473-58630 * * * are to be billed to the consignee (recipient) in each case.

Consignee is responsible for charges per our trade terms with consignee. We have a long-standing relationship with the consignees and our terms with them have always been DDU. I've attached the commercial invoice that covers both shipments. Please contact Consignee to invoice them directly.

**{¶ 24}** Similarly, Gobbo averred as follows:

2. Our company imported merchandise in the amount of United States Dollars $2300 from Brandes International Co. in 2015 under invoice 2-5637.

3. The merchandise was delivered by Federal Express.

4. In the case of invoice 2-5637, as in the case of 100% of invoices from Brandes over the past 50 years (several hundred transactions), the responsibility to pay import duties was ours as the importer.

5. The terms of our transaction with Brandes were DDU per their commercial invoice – Delivered Duty Unpaid. This means that we as the receiving party pay the duty. The commercial invoice was the only document accompanying the goods and the only document to declare value, and it explicitly stated terms of DDU.

6. Never in our 50+ years of doing business with Brandes has Brandes as the exporter been responsible for, nor paid, any import duties.

7. The terms of Federal Express in Venezuela, as well as those of all other courier companies (DHL, UPS, etc.) are that any applicable import duties must be paid prior to delivery of goods. This is a well-established policy to which there are no exceptions.

8. Our payment records from 2000 to 2018 are complete and they show three payments to Federal Express Corporation — two in 2014 and one in 2015.

9. The 2015 payment was in the amount of Bs. 13,467.23, which equates to the applicable duty on invoice 2-5637 plus IVA, based on the duty and exchange rates in effect at that time.

10. We do not have a copy of Federal Express's invoice for that payment and the person who made that payment does not work here any longer, but the payment is recorded as and clearly assumed to be the duty and clearance cost associated with the importation of invoice 2-5637.

11. Our company does not use Federal Express as a shipper so none of the payments to Federal Express could be for outbound shipments, they are all presumably for costs associated with inbound shipments.

12. Never in our history of importing (several thousand transactions) has our import duty exceeded the value of the goods imported. Duty is a fraction of the goods' value, not a multiple.

**{¶ 25}** After careful consideration, we find the trial court erred in granting summary judgment in favor of FedEx on its breach of contract claim. In this case, there is no dispute that FedEx and Brandes entered into an international shipment agreement that required Brandes to bear ultimate responsibility for reimbursing FedEx for its payment of duties and taxes. Moreover, the exhibits attached to FedEx's motion for summary judgment demonstrate that FedEx completed international shipment services on behalf of Brandes, and advanced payments for the duties and taxes charged by the Venezuelan customs department. Specifically, the invoices for each shipment set forth the date the shipment entered Venezuelan customs, the declared value of the shipment, the "total duties, taxes, customs, and other fees" that were advanced by FedEx, and the date of delivery to the recipient. Thus, the record supports the existence of a contract and FedEx's performance under the contract.

**{¶ 26}** Nevertheless, we find there remain genuine issues of material fact concerning whether Brandes breached its obligation to reimburse FedEx, because Brandes presented evidence suggesting that the duties and taxes were paid by the recipient of the shipped goods. Regarding this provision of the contract, Singler averred that FedEx has not yet received payment "from either the Defendant or the Defendant's customer for the delivery charges and the Duties and Taxes paid by the Plaintiff with respect to the two (2) separate invoices listed on Exhibit A attached to the Plaintiff's complaint." In contrast, however, the Vice President of I.V.R.O.C.A., Eros Gobbo averred that I.V.R.O.C.A. did, in fact, make a substantial monetary payment to FedEx in 2015. The payment was made in Venezuelan currency ("Bs."), "in the amount of Bs. 13,467.23." Although Gobbo conceded that I.V.R.O.C.A. is no longer in possession of the invoice it received from FedEx, Gobbo attested that the 2015 payment to FedEx "equates to the applicable duty on [the subject shipments], based on the duty and exchange rate in effect at that time."

**{¶ 27}** As the parties have presented competing affidavits, we find there remain genuine issues of material fact regarding whether FedEx received payment from I.V.R.O.C.A., thereby relieving Brandes of its obligation to reimburse FedEx in this case. *See Telecom Acquisition Corp. I v. Lucic Ents.*, 2016-Ohio-1466, 62 N.E.3d 1034, ¶ 93 (8th Dist.). ("When trial courts choose between competing affidavits and testimony, they improperly determine credibility and weigh evidence contrary to summary judgment standards."), citing *Finn v. Nationwide Agribusiness Ins. Co.*, 3d Dist. Allen No. 1-02-80, 2003-Ohio-4233, ¶ 39.

{¶ 28} Moreover, even if this court were to accept FedEx's position that it has not been reimbursed for the advanced payments, we find FedEx has failed to demonstrate a lack of genuine issues of material fact regarding the element of damages. Collectively, the records attached to FedEx's motion for judgment contain various inconsistencies regarding the appropriate exchange rate and the manner in which the Venezuelan currency was converted to the U.S. dollar.

{¶ 29} In this case, the evidence supporting FedEx's claimed damages included copies of two separate invoices that were sent to Brandes for recoupment of the advanced payments. (Plaintiff's exhibits B and C.) Invoice No. 6-473-58638 reflects that FedEx paid customs duties in the amount of Bs. 59,783.82, advancement fees in the amount of Bs. 1,195.68, and processing fees in the amount of Bs. 126.00. This totaled Bs. 61,105.50. In turn, the invoice reflects that the conversion rate of "VEF-USD .0847916670" was used to convert the fees from Bs. to U.S. dollars, for a total of $5,181.23.

{¶ 30} Similarly, Invoice No. 6-468-69969 reflects that FedEx paid customs duties in the amount of Bs. 59,097.82, advancement fees in the amount of Bs. 1,181.96, and processing fees in the amount of Bs. 126.00. This totaled Bs. 60,405.78. This invoice also reflects that the conversion rate of "VEF-USD .0847916670" was used to convert the fees from Bs. to U.S. dollars, for a total of $5,121.90.

{¶ 31} As discussed, FedEx has demonstrated that it paid the Venezuelan government the applicable customs fees in order to complete the shipments on

Brandes' behalf. Upon request, FedEx confirmed with the Venezuelan authorities that "the assessment and calculation of customs fees were correct." FedEx also provided Brandes with a breakdown of the fees charged in each invoice (the "breakdown worksheet"). *See* plaintiff's exhibit E. However, on close examination of each breakdown worksheet, we find the Venezuelan government only confirmed that the total amount of Bs. charged for the duties and taxes on each shipment was accurate. The Venezuelan government was not responsible for reconverting the charged fees back to U.S. dollars for the purpose of billing Brandes. FedEx presumably completed this calculation at the time the invoices were issued. Thus, the Venezuelan government did not confirm the amount of U.S. dollars currently sought by FedEx in this case.

{¶ 32} Moreover, and perhaps most importantly, the relevant documents attached to FedEx's motion for summary judgment demonstrate that the breakdown worksheets and their corresponding invoices each used different exchange rates in calculating amounts owed. As stated, the invoices sent to Brandes for the unpaid duties and taxes applied an exchange rate of .0847916670 for each shipment. In stark contrast, however, the breakdown worksheets use the exchange rates of 194.898 and 192.954, respectively, to calculate the total amount of Bs. owed in duties and taxes for each shipment. Thus, the conversion rate used to calculate the duties owed to the Venezuelan government in Bs., and thereupon paid by FedEx, was different than the conversion rate used to calculate the amount owed to FedEx in U.S. dollars. On this record, it remains unclear which exchange rate should have

been applied in this case. It is entirely possible that the breadth of the duties and taxes paid by FedEx resulted from a misapplication of the conversion rate that was not of their doing. It is equally possible that the significant fees sought in this case derived from a calculation error committed by FedEx. Nevertheless, these issues must be resolved by a trier of fact.

{¶ 33} The application of the different exchange rates is undoubtedly significant to the issue of damages. For instance, Invoice No. 6-473-58638 reflects that FedEx paid the Venezuelan government a total of Bs. 59,783.82 in customs duties for one of the shipments. According to the corresponding breakdown worksheet, the total figure owed was calculated by using the value of the shipped good in U.S. dollars in conjunction with the exchange rate of 194.898. Yet, in calculating the amount owed to FedEx for reimbursement, FedEx used the exchange rate of .0847916670 to reconvert the Bs. 59,783.82 (plus FedEx's processing and advancement fees) to U.S. dollars — totaling $5,181.23. Had FedEx applied the same 194.898 conversion rate used in the breakdown worksheet when reconverting the Bs. to U.S. dollars in the corresponding invoice, Brandes would owe FedEx a little more than $300 in total fees.

{¶ 34} Under these circumstances, the breakdown worksheets attached to FedEx's motion for summary judgment raise more questions than answers when they are compared to their corresponding invoices. Accordingly, we find the trial court erred in granting judgment in favor of FedEx on its breach-of-contract claim.

**{¶ 35}** However, the trial court did not err in granting summary judgment in favor of FedEx on Brandes' counterclaims.[2] Brandes' motion for summary judgment does not set forth arguments in support of its counterclaim, nor does it attach qualified evidence in support of the claims. In addition, the trial court did not err in denying Brandes' motion for summary judgment. The evidence submitted in the competing motions for summary judgment establishes that a reasonable jury could resolve the breach of contract claim in favor of either party.

**{¶ 36}** Brandes' first assignment of error is sustained. The second assignment of error is overruled.

## B. Motion to Strike

**{¶ 37}** In its third assignment of error, Brandes argues the trial court erred when it denied its motion to strike the unauthenticated exhibits attached to FedEx's motion for summary judgment. Brandes contends that the exhibits are not "cognizable documents" of the type contemplated by Civ.R. 56(C). Thus, Brandes asserts that the trial court was precluded from considering said exhibits when assessing FedEx's motion for summary judgment. We disagree.

**{¶ 38}** A trial court's determination of a motion to strike is reviewed for an abuse of discretion. *Squire v. Geer*, 117 Ohio St.3d 506, 2008-Ohio-1432, 885 N.E.2d 213, ¶ 10. An abuse of discretion implies that the court's attitude is

---

[2] To the extent the trial court's judgment does not expressly address and/or dispose of Brandes' counterclaims, we find judgment on FedEx's breach-of-contract claim rendered the counterclaims moot, thereby constituting a final, appealable order. *See Semirale v. Jamieson*, 8th Dist. Cuyahoga No. 89578, 2008-Ohio-1093.

unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 39} Because granting summary judgment under Civ.R. 56(C) terminates litigation without a trial on the merits, "[t]he requirements of the rule must be strictly enforced." *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 360, 604 N.E.2d 138 (1992). Civ.R. 56(C) enumerates an inclusive list of the materials that may be considered in determining a motion for summary judgment. It states:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

{¶ 40} When a document does not fall within one of the enumerated categories in Civ.R. 56(C), a party may introduce it by incorporating it by reference in a properly framed affidavit. *Wolk v. Paino*, 8th Dist. Cuyahoga No. 94850, 2011-Ohio-1065, ¶ 26, citing *Biskupich v. Westbay Manor Nursing Home*, 33 Ohio App.3d 220, 515 N.E.2d 632 (8th Dist.1986). Civ.R. 56(E) governs the proper form of affidavits. It states:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit. *The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits.* * * *

(Emphasis added.)

**{¶ 41}** "Personal knowledge has been defined as 'knowledge of factual truth which does not depend on outside information or hearsay.'" *Residential Funding Co., L.L.C. v. Thorne*, 6th Dist. Lucas No. L-09-1324, 2010-Ohio-4271, ¶ 64, quoting *Modon v. Cleveland*, 9th Dist. Medina No. 2945-M, 1999 Ohio App. LEXIS 6147 (Dec. 22, 1999). Further, "an affiant's mere assertion that he has personal knowledge of the facts asserted in an affidavit can satisfy the personal knowledge requirement of Civ.R. 56(E)." *Id.* at ¶ 70. An assertion of personal knowledge satisfies Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit. *Id.*

**{¶ 42}** Similarly, "the requirement of Civ. R. 56(E) that sworn or certified copies of all papers referred to in the affidavit be attached is satisfied by attaching the papers to the affidavit, coupled with a statement therein that such copies are true copies and reproductions." *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 467, 423 N.E.2d 105 (1981).[3] Documents that have not been sworn, certified, or authenticated by way of affidavit "have no evidentiary value." *Mitchell v. Ross*, 14 Ohio App.3d 75, 470 N.E.2d 245 (8th Dist.1984).

---

[3] However, describing the attached copies of named documents as "true and accurate" is not an express requirement of Civ.R. 56(E) — it is merely an example of an appropriate averment. *Wells Fargo Bank, N.A. v. Lundeen*, 8th Dist. Cuyahoga No. 107184, 2020-Ohio-28, ¶ 26. By stating in a sworn affidavit that the exhibits attached are "copies" of the listed documents, an affiant adequately verifies that the documents are what he or she claims them to be. *Id.,* citing *U.S. Bank N.A. v. Aguilar-Crow*, 7th Dist. Mahoning No. 15 MA 0113, 2016-Ohio-5391, ¶ 28.

**{¶ 43}** In this case, the majority of the evidence attached to FedEx's motion for summary judgment is not of the type listed under Civ.R. 56(C). However, FedEx did submit the affidavit of Joseph Singler, which the trial court permitted FedEx to supplement pursuant to the authority afforded under Civ.R. 56(E). In relevant part, the supplemental affidavit attested to Singler's personal knowledge as the branch manager involved in the shipment of Brandes' merchandise, incorporated each exhibit by reference, and stated that the exhibits "accurately reflect the status of [Brandes'] account." We find the statements within the affidavit satisfied Civ.R. 56(E)'s personal knowledge requirement. It can be reasonably inferred from Singler's position with FedEx that Singler has personal knowledge of the information contained within his affidavit, including the relevant business records. In addition, we find Singler's affidavit provided sufficient information to authenticate the attached records. By stating in a sworn affidavit the exhibits attached were accurate "copies" of the listed documents, Singler verified that the documents were what he claimed them to be. *See* Evid.R. 901.

**{¶ 44}** For the foregoing reasons, we find FedEx complied with the requirements of Civ.R. 56 by incorporating the challenged exhibits by reference in a properly framed affidavit. Accordingly, the trial court did not abuse its discretion in denying Brandes' motion to strike.

**{¶ 45}** Brandes' third assignment of error is overruled.

**{¶ 46}** Judgment affirmed in part, reversed in part.

It is ordered that appellee and appellant share costs herein taxed.

It is ordered that a special mandate be sent to the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN T. GALLAGHER, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS (WITH SEPARATE CONCURRING OPINION);

SEAN C. GALLAGHER, J., CONCURRING:

{¶ 47} I fully concur with the majority decision and analysis. I write in support of the determination that summary judgment is not warranted on FedEx's breach-of-contract claim.

{¶ 48} Under the plain and unambiguous terms of the shipping agreement, Brandes is "ultimately responsible for payment of duties and taxes" and FedEx is entitled to reimbursement from Brandes "if payment is not received." There is no dispute that FedEx delivered the goods. Nevertheless, there are genuine issues of material fact relating to the elements of breach and damages, including whether the duties and taxes were paid by the recipient of the goods and whether FedEx's exchange calculations were correct. Here, the evidence presented by both parties establishes that these factual issues can be resolved only by a finder of fact and that the case should proceed to trial on FedEx's breach-of-contract claim.

**{¶ 49}** First, there is a genuine issue of material fact concerning whether the duties and taxes were paid by the recipient of the goods. FedEx, which delivered the shipments of goods, sent Brandes invoices for the alleged unpaid duties. In the supplemental affidavit of FedEx manager Joseph Singler, Singler averred that no payment was ever received from Brandes or any other source and that the status of the account was correct. On the other hand, Brandes claims that the duties were paid by the recipient of the goods. Brandes provided affidavits from representatives of the Venezuelan company I.V.R.O.C.A., which was the recipient of the goods. In those affidavits, it was stated that the terms of the transaction with Brandes required I.V.R.O.C.A. to pay the duty, that the goods were delivered by FedEx, that it is a well-established policy in Venezuela that any import duties must be paid prior to delivery of goods, and that I.V.R.O.C.A.'s records showed that a 2015 payment was made and associated with invoice 2-5637 for the subject goods.

**{¶ 50}** Second, there is a genuine issue of material fact concerning the amount of the duties and taxes that FedEx claims are owed. FedEx claimed it was entitled to reimbursement for its payment on behalf of Brandes in the amount of $10,303.13. FedEx presented the invoices sent to Brandes and a confirmation letter from the Venezuelan government indicating that its assessment of the duties was correct. Singler averred in his affidavit that the conversions are done by the customs department of the country where the goods are being delivered. On the other hand, Brandes maintains that FedEx did not properly calculate the amount of duties that were purportedly paid by FedEx. Brandes states that FedEx is claiming an amount

owed that is 37 times greater than a 12 percent duty that should have been applied. Brandes further argues that the documents reflect FedEx made a conversion error when it used two different Venezuelan currencies, one to convert from U.S. dollars to Venezuelan currency and another when converting back to U.S. dollars. Brandes states that the value of the goods was $2,300 and that the actual duty owed should have been $276. The affidavits of I.V.R.O.C.A.'s representatives indicated that never in the company's history of importing goods had there been an import duty that exceeded the value of the goods imported and that the duty should be a fraction of the goods' value as opposed to a multiple.

{¶ 51} Insofar as competing affidavits were filed in this matter, "[i]n summary judgment proceedings, a court may not weigh the evidence or judge the credibility of sworn statements, properly filed in support of or in opposition to a summary judgment motion, and must construe the evidence in favor of the nonmoving party." *Telecom Acquisition Corp. I v. Lucic Ents.*, 2016-Ohio-1466, 62 N.E.3d 1034, ¶ 93 (8th Dist.), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.E.2d 202 (1986). Upon the evidence presented, a reasonable jury could resolve the breach of contract claim in favor of either party.

{¶ 52} Accordingly, I agree that summary judgment is not warranted on the breach-of-contract claim and that the case should be remanded for a trial on this claim. I also concur with the majority's determination that the trial court did not err in granting summary judgment in favor of FedEx on Brandes' counterclaims and that the trial court did not abuse its discretion in denying Brandes' motion to strike.